## Young, Appellant, *v.* United Steelworkers of America.

Argued November 12, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph F. Mulcahy, Jr.,* for appellant.

*Norman M. Berger,* with him *Gerber & Galfand,* for appellees.

OPINION PER CURIAM, January 7, 1964:

In view of our holding in the recent case of *Wax v. Int. Mailers Union,* 400 Pa. 173, it is clear that the court properly refused to take jurisdiction in the instant case. We there stated that "our jurisdiction can only be sustained where the complaint is grounded solely on injury to the plaintiff's member-union relationship, and which complaint does not seek damages for 'back pay' as a result of interference by the union with employment rights, which remedy the N.L.R.B. is specifically empowered by Section 10(c) to grant in unfair labor practices cases."

Although the plaintiff here complains of the Union's alleged misconduct, the real injury stressed, as resulting from the Union's misconduct, was the termination of the employer-employee relationship, for which he claims back pay. The matter thus falling arguably within the jurisdiction of the National Labor Relations Board, the court below properly declined to take jurisdiction.

The facts in this case do not fall within the exceptions set forth in our most recent decision on the subject: *Cosmark v. Struthers Wells Corp.,* 412 Pa. 211.

Affirmed.